UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALEXANDER MCARTHUR,<br>    Plaintiff,<br><br>    v.<br><br>NAIL PLUS,<br>    Defendants. | No. 3:21-cv-961 (SRU) |

**RULING ON MOTION TO DISMISS and ORDER**

Alexander McArthur ("McArthur"), proceeding *pro se*, brings suit against Nail Plus in connection with an incident in which he was allegedly denied service on the basis of sex. *See* Compl., Doc. No. 1. Nail Plus has moved to dismiss the complaint for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Doc. No. 27. For the reasons that follow, I **grant** the motion to dismiss.

**I.   Background**

On June 28, 2021, McArthur attempted to obtain a manicure at Nail Plus in New Haven, Connecticut. Compl., Doc. No. 1, at 3-4. In response, a male employee said "women only" and refused to schedule an appointment for McArthur. *Id.*

On July 12, 2021, McArthur filed the instant Complaint. Compl., Doc. No. 1. McArthur asserts that the defendant's conduct constitutes (1) sex discrimination, in violation of "U.S. Code Title 42 Chapter 21"; (2) unfair and deceptive acts and practices, in violation of 15 U.S.C. § 45c; and (3) "imparting or conveying false information," in violation of 18 U.S.C. § 35 or 18 U.S.C. § 1038.

On May 10, 2022, Nail Plus filed the instant Motion to Dismiss. Doc. No. 27. Nail Plus argues that this Court lacks subject matter jurisdiction over McArthur's claims and that McArthur fails to state a claim for which relief may be granted. *Id.*

## II.     Standard of Review

### A. Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A party that moves to dismiss for lack of subject matter jurisdiction "may refer to evidence outside the pleadings." *Id.* To survive a motion brought under Rule 12(b)(1), a plaintiff "has the burden of proving by a preponderance of the evidence that [subject matter jurisdiction] exists." *Id.*

### B. Rule 12(b)(6)

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is designed "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)). When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

**III.     Discussion**

Nail Plus moves to dismiss the claims in the Complaint for failure to state a claim and for lack of jurisdiction.  After reviewing McArthur's claims, I agree that there is no basis for this Court's jurisdiction.  Accordingly, I dismiss the Complaint in full.

*First,* there is no basis for diversity jurisdiction.  A district court only has diversity jurisdiction in civil actions between citizens of different states and where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  Here, the pleadings provide no information regarding the parties' citizenship.  However, McArthur has previously pleaded in other lawsuits filed in this Court that he is a resident of New Haven, Connecticut.  *E.g.*, *McArthur v. Property Mgmt., et al.*, Dkt. No. 3:20-cv-1007 (D. Conn. July 17, 2020), Doc. No. 1.  Therefore, I take judicial notice of the fact that McArthur is a citizen of Connecticut.  Fed. R. Evid. 201.  But McArthur pleads no facts regarding the citizenship of the defendant, Nail Plus.  Accordingly, there is no basis for diversity jurisdiction.

*Second,* McArthur's lawsuit does not plausibly present a federal question.  Section 1331 declares that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Under the well-pleaded complaint rule set forth in *Louisville & Nashville R. Co. v. Mottley*, a suit generally "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]."  211 U.S. 149, 152 (1908).  McArthur asserts several claims that he contends arise under federal law, but I must dismiss all for failure to state a claim.  The remaining claims provide no basis for federal question jurisdiction.

In Count One, McArthur pleads a claim of discrimination in violation of "U.S. Code Title 42 Chapter 21."  Construing McArthur's complaint liberally, I interpret that he attempts to state a

3

claim for discrimination in a place of public accommodation, in violation of 42 U.S.C. § 2000a. But there are at least two problems with such claim. One, Nail Plus is not an establishment covered by the statute. Two, McArthur does not allege that he satisfied the administrative requirements necessary for this Court to have jurisdiction over such claim.

Section 2000a prohibits discrimination in certain places of public accommodations, including "place[s] of . . . entertainment." 42 U.S.C. § 2000a. The statute expressly covers movie theaters, theaters, concert halls, sports arenas, and stadiums. 42 U.S.C. § 2000a(b)(3). On the other hand, it does not expressly include salons like Nail Plus. Accordingly, courts have excluded salons from the statute's protections. *See, e.g., Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 432 (4th Cir. 2006) (concluding that a day spa was not a covered establishment and reasoning that "the principal function of the salon in this case is to offer its customers hair, skin, and body care," which does not "fairly approximate the experience of attending a movie, symphony, or sporting match"); *Halton v. Great Clips, Inc.*, 94 F. Supp. 2d 856, 864 (N.D. Ohio 2000) (concluding that a hair salon was not a covered establishment). I agree with the reasoning of the Fourth Circuit, and I conclude that Nail Plus is not an establishment covered by section 2000a. Accordingly, McArthur cannot state a claim of federal public accommodations discrimination.

In Count Two, McArthur alleges that Nail Plus's conduct constituted unfair and deceptive acts and practices, pursuant to 15 U.S.C. § 45c. That statute renders efforts to circumvent technology to exceed limits or other rules regarding online ticket purchases unlawful. *Id.* There are several problems with this claim.

4

As a threshold matter, McArthur's allegations principally concern allegations of being denied service at a nail salon. The complaint alleges no facts even remotely related to online ticketing. Section 45c appears to be entirely inapposite.

Moreover, repleading would be futile, because a section 45c claim is not cognizable. "[P]rivate rights of action to enforce federal law must be created by Congress;" when a congressional enactment does not "display[] an intent to create . . . a private remedy, . . . a cause of action does not exist and courts may not create one. . . ." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). There is no indication that Congress intended for section 45c to provide a cause of action. For one, the statute does not explicitly provide a private right of action or employ any other rights-creating language. In addition, the statute evinces Congressional intent to preclude a private cause of action, because section 45c is expressly enforceable by the Federal Trade Commission, state attorneys general, or state consumer protection agencies. Generally, "[t]he express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others." *Sandoval*, 532 U.S. at 290. Therefore, section 45c creates a strong presumption that Congress did not intend to create a private right of action— a presumption McArthur does not rebut. *See also Shostack v. Diller*, 2015 WL 5535808, at *9 (S.D.N.Y. Sept. 16, 2015), *report and recommendation adopted,* 2016 WL 958687 (S.D.N.Y. Mar. 8, 2016) (concluding that a related provision of the Federal Trade Commission Act, 18 U.S.C. § 45a, does not provide a private right of action). Because I conclude that a claim under section 45c is not cognizable, I dismiss the claim with prejudice.

In Count Three, McArthur alleges violations of two federal statutes, 18 U.S.C. § 35 or 18 U.S.C. § 1038. Section 35 criminalizes making false or misleading statements about bombs on civil aircraft. 18 U.S.C. § 35; *Anand v. Indep. Blue Cross*, 2021 WL 3128690, at *7 (E.D. Pa.

July 23, 2021). Section 1038, on the other hand, criminalizes making false or misleading statements about military programs or terrorist attacks. 18 U.S.C. § 1038; *Anand*, 2021 WL 3128690, at *13. As federal criminal statutes, neither sections 35 nor 1038 incorporate a private right of action. *See Xu v. Neubauer*, 166 F. Supp. 3d 203, 207 (D. Conn. 2015); *Anand*, 2021 WL 3128690, at *13 (holding that civil claims under sections 38 and 1038 are not cognizable). Because such a claim is not cognizable, repleading would be futile. I dismiss the claim arising under sections 35 and 1038 with prejudice.

McArthur's remaining claims fail to provide a basis for federal question jurisdiction, because they arise under state law. To any extent that I might liberally construe the Complaint to raise claims for a violation of the Connecticut state law prohibitions on sex discrimination in places of public accommodations or the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.* ("CUTPA"), such claims also arise under state law and cannot provide a basis for federal question jurisdiction.

*Third*, I cannot exercise supplemental jurisdiction. Under 28 U.S.C. § 1367(a), district courts have supplemental jurisdiction over state-law claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Here, I have no basis for original jurisdiction over this action, and thus no basis to extend that original jurisdiction over the state law claims.

Accordingly, I dismiss the remaining claims without prejudice for lack of jurisdiction. *See Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121 (2d Cir. 1999) ("Article III deprives federal courts of the power to dismiss a case with prejudice where federal subject matter jurisdiction does not exist.").

**IV.     Conclusion**

For the foregoing reasons, this case is dismissed for lack of subject matter jurisdiction.

To the extent that McArthur's sex discrimination claim arises under 42 U.S.C. § 2000a, the claim is **dismissed with prejudice**.

McArthur's unfair and deceptive acts and practices claim arising under 15 U.S.C. § 45c is **dismissed with prejudice**.

McArthur's false statements claims arising under 18 U.S.C. § 35 and 18 U.S.C. § 1038 are **dismissed with prejudice**.

To any extent that McArthur raises state law claims for violation of Connecticut state law prohibitions on discrimination in places of public accommodations or the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq*. ("CUTPA"), those claims are **dismissed without prejudice**.

McArthur may file an amended complaint within thirty days of the date of this Order if he believes that he can demonstrate the existence of diversity jurisdiction. The dismissals without prejudice will become dismissals with prejudice unless he timely files an amended complaint curing the noted pleading deficiencies

So ordered.

Dated at Bridgeport, Connecticut, this 20th day of May 2022.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge